UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RICKY GIROIR                                          CIVIL ACTION

V.                                                    NO. 18-3595

CENAC MARINE SERVICES, LLC                            SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (1) the plaintiff's motion to continue the March 25, 2019 trial date and associated deadlines, as well as the submission date on the defendants' pending motions for summary judgment; and (2) the plaintiff's motion for expedited consideration of the underlying motion to continue. For the reasons that follow, the motion to expedite is GRANTED, and the motion to continue is GRANTED, in part, and DENIED, in part.

I.

This maritime personal injury action arises out of a seaman's claims that he sustained injuries while working aboard two vessels owned by his employer. On April 4, 2018, Ricky Giroir sued Cenac Marine Services, LLC, asserting claims under the Jones Act and the general maritime law. Thereafter, this Court issued a Scheduling Order, setting forth February 26, 2019 pre-trial conference and March 25, 2019 jury trial dates. In early December of 2018, the plaintiff moved to continue the trial date and to extend the expert

1

report and discovery deadlines. In that motion, plaintiff's counsel advised that Mr. Giroir had undergone an additional back surgery in September of 2018 and that additional time was needed for discovery. The defendant, in opposition, denied that the plaintiff's surgery was related to the alleged injuries he sustained while working for defendant and urged the Court that the cited discovery issues would be rectified in a matter of days. Accordingly, in its Order dated December 10, 2018, this Court granted the plaintiff's motion, in part, as to an extension of expert report deadlines, and denied the motion, in part, as to a continuance of the trial date and other pre-trial deadlines; the Court also continued all discovery deadlines to January 29, 2019.

In the meantime, Cenac Marine filed two motions for summary judgment, seeking dismissal of the plaintiff's claims for maintenance and cure, unseaworthiness, and Jones Act negligence. Those motions are currently noticed for submission on February 20, 2019. Most recently, on February 5, 2019, Giroir filed a second motion to continue the trial date and all discovery deadlines, as well as an initial motion to continue the submission date on the defendants' pending motions for summary judgment; Giroir seeks expedited consideration of his request for a continuance.

## II.

In Giroir's pending motion to continue, plaintiff's counsel advises that the parties have exchanged documents and responses to

interrogatories and that the plaintiff has been deposed, but that no additional discovery has occurred. He further relates that the parties have been engaged in settlement discussions since January 16, 2019. However, on the morning of February 5, 2019, defense counsel allegedly expressed a desire to postpone settlement discussions until a decision is rendered on its pending motions for summary judgment. Conceding that he erroneously believed a final settlement was "forthcoming," plaintiff's counsel submits:

> Faced with a pending deadline to respond to the pending motions for judgment and a submission date of 20 February, coupled with the lack of discovery of Cenac's fact witnesses, Complainant is in a time crunch to file a response to the motions and lacks the discovery to do so.

Under these circumstances, it appears that the plaintiff's request to modify the scheduling order and to continue the submission date on the defendant's pending motions for summary judgment is based solely upon the failure of his counsel to timely begin preparing a response to those motions. Although plaintiff's counsel asserts a "lack of discovery of Cenac's fact witnesses" as one ground for his inability to comply with the current submission date, he fails to satisfy the requirements of Federal Rule of Civil Procedure 56(d).[1] Specifically, the plaintiff indicates neither why

---

[1] Federal Rule of Civil Procedure 56(d) permits a district court to defer considering a pending motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

3

additional discovery is needed, nor how such discovery would create a genuine issue of material fact. Therefore, the Court is not persuaded that the plaintiff is unable to comply with the existing submission date, or that "good cause" exists to justify a continuance of the trial date and discovery deadlines. Nonetheless, the Court finds that a brief continuance of the summary judgment submission date and the pre-trial conference date is appropriate; such a continuance would afford the plaintiff with additional time to respond to the defendant's pending *dispositive* motions without prejudicing the defendant.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiff's motion for expedited consideration is hereby GRANTED and that the plaintiff's motion to continue is GRANTED, in part, and DENIED, in part. IT IS FURTHER ORDERED: that the submission date on the defendants' pending motions for summary judgment is hereby CONTINUED to Wednesday, March 6, 2018; that the

---

opposition." Rule 56(d) motions "are broadly favored and should be liberally granted" because they "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." Culwell v. City of Fort Worth, 468 F.3d 868, 872 (5th Cir. 2006).
　　Nonetheless, the party seeking a continuance "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (quoting Sec. & Exch. Comm'n v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980)). Instead, the party must indicate (1) "why he needs additional discovery" and (2) "how the additional discovery will create a genuine issue of material fact." Krim v. BancTexas Grp., Inc., 989 F.2d 1435, 1442 (5th Cir. 1993).

plaintiff's opposition papers are due no later than Tuesday, February 26, 2019; and that any reply is due by Friday, March 1, 2019. IT IS FURTHER ORDERED: that the pre-trial conference, currently scheduled for February 26, 2019 at 10:30 a.m., is hereby CONTINUED to March 8, 2019 at 10:45 a.m.

                            New Orleans, Louisiana, February 6, 2019

                            _____
                                MARTIN L. C. FELDMAN
                           UNITED STATES DISTRICT JUDGE